**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SATO & CO., LLC, et al., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 08-CV-7352 |
| S&M PRODUCE, INC., et al., ) | (CONSOLIDATED) |
| ) | |
| Defendants. ) | JUDGE ROBERT M. DOW, JR. |
| ) | |
| ) | |
| PRIDE OF SAN JUAN, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| S&M PRODUCE, INC., et al., ) | |
| ) | |
| Defendants. | |

**MOTION FOR ENTRY OF JUDGMENTS FOR PRIDE OF SAN JUAN
PLAINTIFFS AGAINST DEFENDANT, S&M PRODUCE, INC.**

Pride of San Juan, Inc., Classic Salads, LLC, Dayoub Marketing, Inc., Ruby Robinson Co., Inc, Natural Forest, Inc., Fru-Veg Marketing, Inc. The Kinoko Company, Lakeside Produce, Inc., The Mandolini Company, Inc., and Seashore West, Inc. (collectively, the "Pride of San Juan Plaintiffs") hereby move this Honorable Court for entry of the proposed judgments as set forth in the proposed attached hereto as Exhibit A. In support of this Motion, the Pride of San Juan Plaintiffs respectfully state as follows:

1. The Court entered an order on February 2, 2010 (D.E. #173) which declared valid each of the ten (10) PACA claims in the Pride of San Juan Plaintiffs' group of creditors

2. Rather than trying a third time to seek an order for disbursement for all PACA claims

1

in this case, the Pride of San Juan Plaintiffs merely seek the entry of judgments for their own claims.

3. Attached as Exhibit A is a proposed judgment for all ten (10) of these claims that reflect the already Court-approved principal amounts, the bases for each interest calculation and a blank space for any and all Court-approved fees and costs for these seven (7) claims that have a Court-approved contractual right to same.

4. Six (6) of the claims had a contract right to interest from the date of each invoice forward at the rate of 1.5% per month (18% APR). The proposed judgment accordingly provides for that interest rate to apply from the date each invoice was due through and including the date the judgment is satisfied so the Court wastes no more time trying to "hit a moving target."

5. Four (4) of the claims did not have a contractually right to interest, so the interest rate stated in the proposed judgment is set forth at the statutory rate under the Illinois Interest Act, being 5% APR. 815 ILCS §§ 205/2. See Campania Mgt. v. Rooks, Pitts & Poust, 290 F.3d 843, 854 (7th Cir. 2002) ("Courts applying Illinois law have awarded prejudgment interest when the entire amount detailed in the invoices was found to be reasonable."); Medcom Holding Co. v. Baxter Travenol Labs, 200 F.3d 518, 519 (7th Cir. 1999); South Bend Lathe v. Amsted Indus., 925 F.2d 1043, 1049 (7th Cir. 1991). See also, BEM I, LLC v. Anthropologie, Inc., 301 F.3d 548, 556 (7th Cir. 2002)(noting how the "Illinois rule is merely a default rule" for when parties did not specifically contract for an agreed interest rate).

6. "[T]he Illinois Interest Act is not confined to lending institutions; rather, it applies generally to 'creditors' on 'instruments of writings.'" PPM Finance v. Norandal USA, 392 F.3d 889, 895 (7th Cir. 2004). "An instrument in writing within the meaning of the statute is one that sets up a creditor-debtor relationship. Prejudgment interest will be awarded for amounts due on an

instrument in writing if the amount was liquidated or was easily computed." Campania Mgt., 290 F.3d at 853 (7th Cir. 2002) *quoting* Krantz v. Chessick, 282 Ill. App. 3d 322, 327-28, 217 Ill. Dec. 892, 668 N.E.2d 77 (1st Dist. 1996). "Based on the foregoing, the Court finds that [Plaintiff] is entitled to an award of prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2. Interest accrues, at the rate of 5%, from the date of billing. In this case, there are multiple billing dates, [so] the clock will run separately for each product invoice from the date each was issued." Oncology Therapeutics Network v. Olympia Fields Internal Medicine Associates, 2003 U.S. Dist. LEXIS 20589 at p.12 (N.D. Ill. 2003).

WHEREFORE, the Pride of San Juan Plaintiffs respectfully request this Honorable Court to enter the proposed judgment against the corporate defendant in the proper amounts as partially set forth in the attached proposed judgments, including any approved fees and costs, and for such other and further relief as this Honorable Court deems appropriate upon consideration of the matter.

Respectfully submitted,

PRIDE OF SAN JUAN, INC., CLASSIC SALADS, LLC, DAYOUB MARKETING, INC., RUBY ROBINSON, CO., INC., NATURAL FOREST, INC., FRU-VEG MARKETING, INC., THE KINOKO COMPANY, LAKESIDE PRODUCE, INC., THE MANDOLINI COMPANY, INC., and SEASHORE WEST, INC.

By: /s/ Michael J. Keaton, Esq.
      One of Their Attorneys

Michael J. Keaton, Esq. - IL Bar No. 6207203
Jason R. Klinowski, Esq. - IL Bar. No. 6293266
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
**keaton@pacatrust.com**

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing, together with any an all exhibits referenced therein, if any, was served upon all counsel of record entitled to notice and properly registered with the Court's ECF system, this day April 22, 2010.

                By: /s/ Michael J. Keaton, Esq.
                Michael J. Keaton - IL Bar. No. 6207203
                KEATON & ASSOCIATES, P.C.
                1278 W. Northwest Highway, Suite 903
                Palatine, Illinois 60067
                Tel: 847/934-6500
                keaton@pacatrust.com